**CONCERNED WOMEN FOR AMERICA, INC. and Jolene Cox, Plaintiffs–Appellees,**

v.

**LAFAYETTE COUNTY and Oxford Public Library, Defendant–Appellant.**

No. 88–4743.

United States Court of Appeals, Fifth Circuit.

Sept. 14, 1989.

Hal Scot Spragins, S.T. Rayburn, David L. Calder, Sumners, Hickman & Rayburn, Oxford, Miss., for defendant-appellant.

Jordan Lorence, Cimron Campbell, Mark N. Troobnick, Concerned Women for America Educ. and Legal Defense Foundation, Washington, D.C., Wendell R. Bird, David J. Myers, Law Offices of Wendell Bird, Atlanta, Ga., for plaintiffs-appellees.

Sarah Barringer Gordon, Fine, Kaplan and Black, Philadelphia, Pa., for amicus curiae-ACLU of Mississippi.

Before JOLLY, HIGGINBOTHAM and SMITH, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this first amendment civil rights action, Concerned Women for America ("CWA") and Jolene Cox, its Mississippi representative, sought declaratory and injunctive relief against the Lafayette County and Oxford Public Library because of its refusal to allow a CWA Prayer Chapter the use of its auditorium. On appeal, we are asked to consider whether the district court erred in concluding that the library had created a public forum, rather than a limited public forum, by allowing various community groups to hold their meetings in its auditorium, and thus erred in granting the injunction. 699 F.Supp. 95.

I

The following is Lafayette County Oxford Library's only written auditorium policy:

The Auditorium of the Oxford branch of the First Regional Library is open for use of groups or organizations of a civic, cultural or educational character, but not for social gatherings, entertaining, dramatic productions, money-raising, or commercial purposes. It is also not available for meetings for social, political, partisan or religious purposes, or when in the judgment of the Director or Branch Librarian any disorder is likely to occur.

In order to gain access to the auditorium, a group must obtain permission from Dorothy Fitts, the head librarian. Although the library contends that its policy was to open the auditorium only to groups meeting for artistic or educational purposes, Fitts testified at the hearing on CWA's motion for a preliminary injunction that once she determined that a group would not be meeting for a religious or political purpose, and that there was room on the calendar, she would grant the group permission to use the auditorium. The library has in the past been consistent in denying religious and political groups use of the auditorium.

In June 1988, Jolene Cox requested to use the auditorium for a CWA Prayer Chapter meeting. At these meetings, CWA members discuss family and political

issues, pray about those issues, and seek to apply Biblical principles to them. Some CWA meetings also include guest lectures on specific topics. Fitts denied Cox's request, stating that such a meeting would violate library policy because the CWA was a group with religious purposes.

CWA and Cox filed a complaint for declaratory and injunctive relief against the library, arguing that its actions violated their constitutional rights to free speech, freedom of assembly, free exercise of religion, and equal protection of the laws. After a hearing, the district court found that the library, by opening up in the past to groups "hav[ing] little to do with the Library's educational and artistic mission," had created, perhaps "unwittingly," a public forum from which it could not now restrict access based upon the content of a group's meeting. Accordingly, the court granted CWA's preliminary injunction, enjoining the library from refusing to allow CWA to meet in the auditorium. The library appeals from that order.

## II

Our standard of review for the grant of a preliminary injunction is "whether the issuance of the injunction, in the light of the applicable standard, constitute[s] an abuse of discretion," *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975). A preliminary injunction will issue if the movant establishes (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir.1987). The parties' dispute in this case is over the first requirement—likelihood of success on the merits.

■ In reviewing the district court's grant of an injunction for an abuse of discretion, we must uphold the court's findings of fact unless they are clearly erroneous. *Gearhart Indus. v. Smith Int'l, Inc.*,

741 F.2d 707, 710 (5th Cir.1984). The conclusions of law underlying the court's decision to grant a preliminary injunction are subject to independent review. *In re Fredeman Litigation*, 843 F.2d 821, 824 (5th Cir.1988). Reduced to its essence, the library's argument is that the district court erred in concluding that the auditorium was a public forum; at most, through its policy and practice, the library created a limited public forum. The library maintains that because it has never before granted access to religious or political groups similar to the CWA, its exclusion of the CWA now from use of the auditorium does not transgress the first amendment.

■ In this case, the relevant facts are undisputed. The library has allowed the following groups, among others, to use the auditorium: (1) American Association of University Women (panel discussion on women in non-traditional occupations); (2) National Association of Retired Federal Workers (potluck luncheon and lecture on Alzheimer's disease); (3) U.S. Navy (closed meeting of area recruiters to discuss recruiting strategies); (4) United Way (discussion of funding requests and the organization's budget); (5) American Legion (regular post meeting); (6) Adult Program on AIDS (meeting on the topic of AIDS); and (7) Oxford Swim Club (general meeting at which members discussed rules and policies for their pool). The library also gave permission for a young girl to use the auditorium for her piano recital. The narrow legal question before us is whether, by allowing these various groups to hold their meetings in the library auditorium, the library has created a public forum, and therefore must now allow access to other groups whose meetings have political or religious content, such as CWA. We agree with the district court's holding that CWA has shown a substantial likelihood of proving that the library has created a public forum by allowing diverse groups to use its auditorium.

■ It is an elementary rule that the government may not exclude speech on the basis of its content from either a traditional

public forum or a forum created by government designation, unless the exclusion is necessary to serve a compelling state interest which cannot be served by a less restrictive action. *Cornelius v. NAACP Legal Defense & Educ. Fund,* 473 U.S. 788, 803, 105 S.Ct. 3439, 3449, 87 L.Ed.2d 567 (1985). There is no evidence that CWA's meeting would disrupt or interfere with the general use of the library. Should the contrary prove to be true, library officials may respond by imposing reasonable time, place or manner restrictions on access to the auditorium, provided any regulations are justified without reference to the content of the regulated speech. *See Ward v. Rock Against Racism,* — U.S. —, —, 109 S.Ct. 2746, 2753–55, 105 L.Ed.2d 661 (1989).

Nor is the Establishment Clause implicated in this case. CWA's stated purpose is to preserve, protect, and promote traditional and Judeo–Christian values through education, legal defense, legislative programs, humanitarian aid and related activities. In the absence of empirical evidence that religious groups will dominate use of the library's auditorium, causing the advancement of religion to become the forum's "primary effect," an equal access policy will not offend the Establishment Clause. *Widmar v. Vincent,* 454 U.S. 263, 275, 102 S.Ct. 269, 277, 70 L.Ed.2d 440 (1981).

Accordingly, for the same reasons set out in the district court's memorandum opinion, the district court's order enjoining the library from excluding CWA from use of the auditorium is

AFFIRMED.