811 F.Supp. 1137 (1993)
FAIRFAX COVENANT CHURCH
v.
FAIRFAX COUNTY SCHOOL BOARD.
Civ. A. No. 92-0743-A.
United States District Court, E.D. Virginia, Alexandria Division.
January 22, 1993.
Jordan Woodard Lorence, Jane Hadro, for plaintiff.
Thomas J. Cawley, Stuart Alan Raphael, Kimberly A. Newman, Hunton & Williams, Fairfax, VA, for defendant.

MEMORANDUM OPINION
HILTON, District Judge.
This matter came before the Court on cross motions for summary judgment on the Plaintiff Fairfax Covenant Church's request for a permanent injunction, declaratory judgment, and for compensatory damages of not less than $235,000 plus interest to reimburse plaintiff for extra rent the church has paid under the policy challenged in this case. A motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, and affidavits, if any, "show that there is no genuine issue as to any material fact" in dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). The parties to this action agree that there are no genuine issues of material fact and that this matter is ripe for determination by this court.
Fairfax Covenant Church is an evangelical Christian church that was established in 1980. The congregation gathers for worship, fellowship and Biblical teaching every Sunday. The Church is currently in its eleventh year of renting Fairfax County School Board's facilities for its meetings. The Church currently rents the auditorium, gymnasium, and some classrooms at West Springfield High School for its weekly Sunday *1138 morning service. During the first five years of renting the facilities, it paid the same rate as other no-profit groups. During year six, it paid double the rental rate, during year seven it paid triple, and during year eight it paid four times the rental rate. Since year nine, the Church pays the School Board the "commercial rental rate," which is five times the regular rate, for the use of these facilities. The current rental contract expires in April 1993. The Church alleges that it is currently in its sixth year of being overcharged for rent by the School Board. Over this period of time, the Church has paid approximately $235,000 more in rent than it would have if its meetings did not have religious content.
Defendant Fairfax County School Board allows an array of community groups to rent its facilities during weeknights and weekends. An estimated 9000 groups and individuals met at the approximately 180 school district facilities available for rent during the 1991-92 school year. The School Board's policy is governed by Regulation 8420. Regulation 8420 allows a broad range of community groups to meet in the schools, including youth groups, Fairfax County employee organizations, cultural and civic groups, colleges and universities, state and federal government agencies, private organizations and individuals, and churches. Virtually any group is allowed to rent the Fairfax County School Board's facilities.
Nevertheless, Regulation 8420 treats churches and other religious groups differently than all other organizations. The regulation states that "church/religious groups may be authorized usage after five years of use at increasing rental rates until the full commercial rates become effective in the ninth year of use." Thus, for the first five rental years, churches may rent school facilities at the same rate as all other groups. After five years, only churches pay the increasingly higher rates. In addition, the "Standard Operating Procedure for Community Use of School Facilities  Church/Religious Organizations" requires churches to provide "satisfactory evidence of progress towards the construction or acquisition of a church site is presented to the coordinator." No other rental group is required to make such a showing. Regulation 8420 further provides a chart which states that organizations pay "no fee" for use of the buildings if the "school or the community is the primary beneficiary." This "no fee" provision does not apply to "religious services or religious instructions."
The Fairfax County School Board maintains this policy because it believes the Establishment Clause of the First Amendment mandates that it charge religious groups more rent than other groups on a long-term basis. The School Board argues that to allow church groups to use school facilities on a long-term basis, at a low rental rate, would constitute the establishment of religion. See Harris v. McRae, 448 U.S. 297, 319, 100 S.Ct. 2671, 2689, 65 L.Ed.2d 784 (1980); Lemon v. Kurtzman, 403 U.S. 602, 612-13, 91 S.Ct. 2105, 2111, 29 L.Ed.2d 745 (1971) (The Establishment Clause prohibits Congress and the states via the Fourteenth Amendment from passing any law "respecting an establishment of religion." Government action does not violate the Establishment clause if the action has: (1) a secular legislative purpose; (2) if its principle effect neither advances nor inhibits religion; and (3) if the action does not foster excessive government entanglement with religion.).
By relying primarily on Establishment Clause analysis, the School Board ignores the open forum doctrine rationale, which is applicable to the set of facts presently before this Court. The School Board, by its policy of renting school facilities to a broad range of community groups has created an open, or public forum. A government facility becomes an open forum when the government allows it to be "generally open to the public" for a broad range of expressive activities. Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 45, 103 S.Ct. 948, 955, 74 L.Ed.2d 794 (1983).
In Widmar v. Vincent, 454 U.S. 263, 102 S.Ct. 269, 70 L.Ed.2d 440 (1981), which is the modern landmark case dealing with *1139 religious groups' access to public education facilities, the Supreme Court ruled that religious speech cannot be barred from a limited public forum simply because it is religious speech. In that case the University of Missouri-Kansas City allowed student groups to meet in campus facilities, but excluded a student evangelical Christian Group from meeting on campus solely because it was a religious organization. The Court held that the university discriminated against the student group and individuals based on "their desire to use the open forum to engage in religious worship and discussion. These are forms of speech protected by the First Amendment." 454 U.S. at 269, 102 S.Ct. at 274.
Further, the Court noted that "an open forum ... does not confer any imprimatur of state approval on religious sects and practices." 454 U.S. at 274, 102 S.Ct. at 276; see also Westside Community Schools v. Mergens, 496 U.S. 226, 110 S.Ct. 2356, 110 L.Ed.2d 191 (1990) (principles of Widmar extended to speech in forums at the secondary school level). In fact, by creating a forum generally open for use by various groups, the Fairfax County School Board does not thereby endorse or promote any of the particular ideas aired there. Undoubtedly, many of the views that are advocated are those with which the School Board desires no association. See Widmar, 454 U.S. at 271 n. 10, 102 S.Ct. at 275 n. 10.
In addition, school facilities may be deemed public forums if school authorities make open by either "policy or practice" those facilities for "indiscriminate use by the general public." Perry, 460 U.S. at 45-46, 103 U.S. at 954-955. In the present case Fairfax County School Board has created an open forum for expression through both policy and practice, and thus this forum for expression is protected by the Free Speech Clause of the First Amendment. The Fairfax County School Board policy envisions use of facilities for a broad array of expressive activities. It explicitly states that it allows youth groups, Fairfax County employee organizations, cultural and civic groups, colleges and universities, churches, state and federal government agencies, and private organizations and individuals to meet in the facilities. Clearly it is the policy of Fairfax County School Board to allow virtually anyone to rent its facilities.
Other courts have found similar policies to create open forums. See Gregoire v. Centennial School Dist., 907 F.2d 1366 (3d Cir.1990) (school district had an open forum policy when it permitted meetings by civic groups, cultural activities, resident service organizations, adult education classes and labor union meetings); Concerned Women for America v. Lafayette County and Oxford, Mississippi Public Library, 883 F.2d 32, 34 (5th Cir.1989) (public library's express exclusion of religious groups from meeting in its auditorium was unconstitutional because the library was an open forum  it had a policy of allowing any and all other meetings of a "civic, cultural or educational character" to use the facility). Cases have further acknowledged the right of religious speakers to use such forums on equal terms with others. See Widmar, 454 U.S. at 272 n. 12, 102 S.Ct. at 275 n. 12; Heffron v. International Society for Krishna Consciousness, Inc., 452 U.S. 640, 101 S.Ct. 2559, 69 L.Ed.2d 298 (1981); Saia v. New York, 334 U.S. 558, 68 S.Ct. 1148, 92 L.Ed. 1574 (1948).
Fairfax County School Board creates an open forum by practice as well since, for example, during the 1991-92 school year, the School Board has allowed approximately 9000 groups to meet in the 180 school facilities available for such use. Because it is clear that the Fairfax County School Board has created an open forum for expression, First Covenant Church cannot be treated differently from other groups that use the forum simply because of the content of its speech. See Widmar v. Vincent, 454 U.S. 263, 102 S.Ct. 269, 70 L.Ed.2d 440.
To focus only on religious groups who use the School Board's open forum also directly contradicts the recent Supreme Court decision of Employment Division v. Smith, 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990) and thus also violates the Free Exercise Clause. In Smith, the Supreme Court found that "the government *1140 may not ... impose special disabilities on the basis of religious views or religious status." 494 U.S. at 877, 110 S.Ct. at 1599. Further, courts are to "strictly scrutinize governmental classifications based on religion." 494 U.S. at 886 n. 3, 110 S.Ct. at 1604 n. 3.
Even the Attorney General admits that, owing to the Free Exercise Clause of the First Amendment, the School Board "obviously could not exclude churches and other facilities as long as it allowed other groups the same privilege." Va.Op.Ag. 54-173, at 3 (August 10, 1990); see id. at 877, 110 S.Ct. at 1599. In Widmar, the Court found that
[i]n order to justify discriminatory exclusion from a public forum based on the religious content of a group's intended speech, the [state] must therefore satisfy the standard of review appropriate to content-based exclusions. It must show that its regulation is necessary to serve a compelling state interest and that it is narrowly drawn to achieve that end.
Widmar, 454 U.S. at 269-70, 102 S.Ct. at 274.
Thus, this type of content-based regulation which unduly burdens speakers' free exercise of religious beliefs at a public forum, as is the Fairfax County School Board's policy, can only be justified by a compelling state interest. Perry, 460 U.S. at 45, 103 S.Ct. at 954; Widmar, 454 U.S. at 270, 102 S.Ct. at 274; Cornelius v. NAACP Legal Defense and Educ. Fund, 473 U.S. 788, 800, 105 S.Ct. 3439, 3447, 87 L.Ed.2d 567 (1985); Carey v. Brown, 447 U.S. 455, 461, 100 S.Ct. 2286, 2290, 65 L.Ed.2d 263 (1980). The Fairfax County School Board, and the Attorney General of Virginia, argue to no avail that the "tension" between the Establishment Clause and the Free Exercise Clause provides this compelling interest.
Since the School Board's policy singles out only churches for increased rental payments, this policy violates the Free Speech Clause because such a fee structure is content-based. In Simon & Schuster v. New York Crime Victims Bd., ___ U.S. ___, 112 S.Ct. 501, 116 L.Ed.2d 476 (1991), the Supreme Court found that a "statute is presumptively inconsistent with the First Amendment if it imposes a financial burden on speakers because of the content of their speech." Id. ___ U.S. at ___, 112 S.Ct. at 508. By charging religious groups alone the escalating rental fee scale and having no compelling interest (as discussed below) to rationalize the higher rate, the School Board violates a fundamental premise of the Free Speech Clause.
The Supreme Court has denounced content-based financial burdens on expressive activities in other cases which are applicable to the present matter. In Arkansas Writers' Project, Inc. v. Ragland, 481 U.S. 221, 107 S.Ct. 1722, 95 L.Ed.2d 209 (1987), the Supreme Court struck down a state sales tax scheme that taxed magazines, but exempted newspapers and religious, professional trade and sports journals, as well as those journals published within the state. The Supreme Court found this tax scheme unconstitutional since the statute was content-based. In Police Dept. of Chicago v. Mosley, 408 U.S. 92, 95, 92 S.Ct. 2286, 2289, 33 L.Ed.2d 212 (1972), the Court found that "above all else, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." Likewise, charging the escalating rental fee to First Covenant Church simply because of its religious message is in violation of the First Amendment.
The Supreme Court has rejected application of the Establishment Clause as a compelling justification for discrimination against the religious content of speech in the landmark cases of Mergens, 496 U.S. at 246-53, 110 S.Ct. at 2370-73, and Widmar, 454 U.S. at 271, 102 S.Ct. at 275. First, the Supreme Court in both Widmar and Mergens held that a neutral policy allowing both religious and non-religious speakers equal access to an open forum embodies a permissible secular purpose and that such a neutral policy "would in fact avoid entanglement with religion." Mergens, 496 U.S. at 248, 110 S.Ct. at 2370 (quoting Widmar, 454 U.S. at 271-72, 102 S.Ct. at 275).
*1141 Second, the Supreme Court has also ruled that it does not violate the Establishment Clause for religious groups to partake of governmental financial benefits that are available to everyone. See Mueller v. Allen, 463 U.S. 388, 103 S.Ct. 3062, 77 L.Ed.2d 721 (1983) (upheld a Minnesota tax deduction for student expenses at all schools, including parochial schools); Witters v. Washington Dept. of Servs. for the Blind, 474 U.S. 481, 106 S.Ct. 748, 88 L.Ed.2d 846 (1986) (rejected a claim by the state of Washington that it was required to ban a blind person from a state program funding the college educations of blind people, because he wanted to go to a Bible college); Bowen v. Kendrick, 487 U.S. 589, 108 S.Ct. 2562, 101 L.Ed.2d 520 (1988) (upheld federal program to teach sexual chastity to teenagers that funded many secular as well as religious groups to promote that goal); Walz v. Tax Comm'n, 397 U.S. 664, 90 S.Ct. 1409, 25 L.Ed.2d 697 (1970). These decisions factually match the situation in the present case because they involve government programs that provided financial benefits to everyone, including religious groups or individuals. In the present case Fairfax County School Board permits generally all groups to meet in its schools for years at a time, which is a permissible secular purpose for the policy.
Treating churches the same as everyone else, which Fairfax County School Board easily could do, cannot be viewed as treating churches better than everyone else. "[R]eligious institutions need not be quarantined from public benefits that are neutrally available to all." Roemer v. Maryland Pub. Works Bd., 426 U.S. 736, 746, 96 S.Ct. 2337, 2344, 49 L.Ed.2d 179 (1976). Thus, the Supreme Court has previously questioned the School Board's theory because it would mean that a "church could not be protected by the police and fire departments, or have its sidewalks kept in repair. The Court never has held that religious activities must be discriminated against in this way. Neutrality is what is required." Id., 426 U.S. at 747, 96 S.Ct. at 2345.
Not only does the School Board's policy fail under the open forum doctrine, but the policy also fails under Establishment Clause analysis, as examined pursuant to Lemon v. Kurtzman. If anything, the School Board's policy violates the second prong of the Lemon test, since the policy and actions of the School Board have the "primary effect" of advancing non-religion and inhibiting religion. The Establishment Clause requires neutrality towards religion. "Indeed the message is neutrality rather than endorsement; if a state refuses to let religious groups use facilities open to others, then it would demonstrate not neutrality but hostility toward religion." 496 U.S. at 248, 110 S.Ct. at 2371. Since the School Board charges religious users more than all other users, the School Board's policy arguably violates this prong of the Establishment Clause.
Allowing religious groups to meet in an open forum like any other group, and pay the same rent as other groups, does not have the "primary effect" of advancing religion. It both allows and promotes and the free exchange of ideas and speech. See Widmar, 454 U.S. at 273-74, 102 S.Ct. at 276. Obviously, Fairfax Covenant Church enjoys some secondary benefit of having its views publicly expressed at West Springfield High School, but the Supreme Court in Widmar explained that "a religious organization's enjoyment of merely `incidental' benefits does not violate the prohibition against the `primary advancement' of religion." Id. at 274, 102 S.Ct. at 276; see also Walz v. Tax Comm'n, 397 U.S. 664, 90 S.Ct. 1409; McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).
Further, allowing religious groups to meet in an open forum does not violate the third prong of the Lemon test, since it does not "excessively entangle" church with state. 454 U.S. at 272, 102 S.Ct. at 275. In fact, the Court in Widmar found that one could risk greater entanglement by attempting to enforce its exclusion of religious worship and religious speech, in the form of invasive monitoring to prevent religious speech at meetings where such speech could occur. Id. at 272 n. 11, 102 *1142 S.Ct. at 275 n. 11. More generally, "it is common ground that nothing in the Establishment Clause requires the State to suppress a person's speech merely because the content of the speech is religious in character." Bender v. Williamsport Area School Dist, 475 U.S. 534, 552, 106 S.Ct. 1326, 1337, 89 L.Ed.2d 501 (1986) (Burger, C.J., dissenting).
Finally, the First Amendment ultimately requires "the state to be neutral in its relations with groups of religious believers and non-believers; it does not require the state to be their adversary. State power is no more to be used so as to handicap religions than it is to favor them." Everson v. Board of Educ., 330 U.S. 1, 18, 67 S.Ct. 504, 513, 91 L.Ed. 711 (1947). As the Supreme Court stated in Widmar, "where the state has opened a forum for direct citizen involvement, exclusions bear a heavy burden of justification." 454 U.S. at 268, 102 S.Ct. at 273. The Fairfax County School Board's reliance on the Establishment Clause clearly does not justify their discriminatory policy towards First Covenant Church.
This court accordingly finds that the Fairfax County School Board's policy, Regulation 8420, is violative of the First Amendment, in designating all religious groups for the School Board facilities at a rental rate higher than the rate charged to non-religious community groups. Therefore, the Fairfax County School Board is enjoined from enforcing Regulation 8420, or any other policy which would charge religious organizations rental rates which are disparate from those charged to non-religious community groups.
Lastly, plaintiff, First Covenant Church, requests damages in the amount of $235,000.00 plus interest to reimburse plaintiff for the extra rent the church has paid pursuant to the School Board's Regulation 8420. While this request was in the Complaint, the issue has not been further addressed in the submissions of the parties. The plaintiff should file within ten (10) days any request for damages, with supporting memorandum, and the Defendant shall respond within ten (10) days, as to whether any amount of damages is warranted.
An appropriate Order shall issue.

ORDER
This matter came before the Court on Cross Motions for Summary Judgment upon Plaintiff Fairfax Covenant Church's request for a permanent injunction, declaratory judgment and damages. For reasons stated in the accompanying memorandum opinion, it is hereby
ORDERED that plaintiff's motion for summary judgment is GRANTED. It is further ORDERED, ADJUDGED, AND DECREED that Fairfax County School Board Regulation 8420 is unconstitutional, and defendant Fairfax County School Board is hereby ENJOINED from charging religious groups a disparate rental rate pursuant to Regulation 8420 or to any subsequent policies. Counsel for plaintiff shall file within ten (10) days any request for damages with supporting memorandum, and the defendant shall respond within ten (10) days as to whether any amount of damages is warranted.