Sheriff Bill McGEE, Forrest County, Mississippi, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 2:94–CV–67PS.

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

April 19, 1994.

---

Shirlee Fager Baldwin, Hattiesburg, MS, Stephen P. Halbrook, Fairfax, VA, for plaintiff.

George L. Phillips, U.S. Attorney's Office, Jackson, MS, Stephen R. Graben, U.S. Attorney's Office, Biloxi, MS, Sandra M. Schraibman, U.S. Dept. of Justice, Washington, DC, for defendant.

*BENCH OPINION*

PICKERING, District Judge.

This matter is before the Court on a Motion for Preliminary Injunction filed on behalf of the Plaintiff Sheriff Bill McGee. The Court having reviewed the Motion, the briefs of counsel including the amici brief, having reviewed the appropriate authorities of law, having heard evidence, oral argument and being otherwise fully advised in the premises, finds as follows:

**GENERAL PRINCIPLES**

Determining what is or is not in the best interest of the United States and its people under the commerce clause of the Constitution is a legislative function, not a judicial function. Although, under the "separation of powers" principles laid out in our Constitution the courts do have the responsibility for determining if Congress in carrying out its legislative powers violates the Constitution. Consequently, this Court has no jurisdiction, no authority, no power, to question whether the Brady Bill is good policy or bad policy. That is simply not a function of the courts. The authority and responsibility of this Court is limited to a determination of whether or not the provisions in question violate the Constitution.

Even before this Court reaches the issue of the constitutionality of the sections in question, the Court must determine that the constitutional issues to be resolved are in actuality before this Court. In this case that issue is presented under the questions of whether there is an actual "case" or "controversy" as to all issues raised, and whether plaintiff has standing to bring all of the causes of action he has alleged, or any of them. The Court will address those issues when it rules on the merits on the complaint for a declaratory judgment.

The Court would note that this hearing is on a motion for a preliminary injunction. This is not a final hearing on the complaint for a declaratory judgment. At this time the Court will rule only on the motion for a preliminary injunction.

## PRELIMINARY INJUNCTION

■ The Fifth Circuit has held "the preliminary injunction is an extraordinary remedy ..." *United Offshore Co. v. So. Deepwater Pipeline*, 899 F.2d 405, 408, (5th Cir. 1990). *See also, Concerned Women for America v. Lafayette County*, 883 F.2d 32, 34 (5th Cir.1989), and *Landmark Land Co., Inc. v. OTS*, 990 F.2d 807, 810 (5th Cir.1993). Before this Court is authorized to issue a preliminary injunction the plaintiff must prove "(1) a substantial likelihood of success on the merits; (2) a substantial threat that [he] will suffer irreparable injury if the injunction is not issued; (3) that [his] threatened injury outweighs any damage the injunction may do to [his] opponent; and (4) that the injunction will not disserve the public interest." *United Offshore Co.* 899 F.2d at 407–08. (Citations and internal quotations omitted.) The plaintiff has the burden of proof on all four of these factors.

■ At this stage the Court is not convinced one way or the other as to who will prevail on the merits. Consequently the plaintiff has failed to carry his burden of proof as to the first factor. As to the second factor, in view of the interpretation placed upon the Brady Bill by the BATF and by the Justice Department in that the plaintiff will not be charged criminally regardless of what he does or does not do in regard to background checks, and in view of the BATF interpretation that reasonable effort to make this check is dependent upon the other demands upon plaintiff's time, and based upon plaintiff's testimony as to the amount of time he and his staff are now devoting to background checks, it does not appear that he will suffer irreparable injury if this Court waits to rule upon the merits. In other words, plaintiff will not suffer irreparable injury if the preliminary injunction is not issued. The plaintiff contends that his threatened injury outweighs any potential damage that might be done to the defendant. Plaintiff contends that the people of Forrest County will be deprived of adequate law enforcement if he is forced to do these background checks. On the other hand the Government contends that many felons or people who would otherwise illegally obtain guns will be able to obtain these handguns if the defendant is prohibited from enforcing the Brady Bill.

The defendant contends that the presence of these handguns on the streets of America result in deaths. Both sides contend that their failure to carry the day will cause great injury. The Court cannot say that the injury which the plaintiff contends he will suffer is greater than the injury which the defendant contends it will suffer. The alleged injuries to either, as outlined by the parties, would be serious. However, in view of the interpretation of the Brady Bill by BATF and the Justice Department, the Court finds that plaintiff has not carried his burden of proof as to factor three.

■ The plaintiff cannot prevail on factor four. Ordinarily the determination of what is in the public interest is a judicial question. But since this involves the enforcement of a recently enacted statute of Congress, that determination has already been made by Congress and this Court is not free to disturb that determination. Congress has already determined that the Brady Bill is in the best interest of the public. This Court feels it is not in a position to rule that this is not in the public interest, contrary to Congress' expressed view.

The plaintiff having failed to carry the burden of proof on the four factors he is required to prove is not entitled to a preliminary injunction.

SO ORDERED.