**Richard L. FRYE, Sheriff of Alamance County, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 2:95CV00034.**

United States District Court,
M.D. North Carolina,
Greensboro Division.

Oct. 20, 1995.

S.C. Kitchen, Graham, NC, for plaintiff.

Eric Mahr, Washington, DC, John F. Graybeal, Raleigh, NC, for defendant.

## MEMORANDUM OPINION

TILLEY, District Judge.

This matter is before the Court on Plaintiff's Motion for a Preliminary Injunction. On January 12, 1995, the Plaintiff in this case, Richard L. Frye, the Sheriff of Alamance County, North Carolina, filed a Complaint challenging the constitutionality of the Brady Act, P.L. 103–159, 107 Stat. 1536 (1993), codified at 18 U.S.C. § 922(s). The Brady Act imposes three duties on the chief law enforcement officer in a particular area:

(1) A chief law enforcement officer to whom a transferor has provided notice ... shall make a reasonable effort to ascertain within 5 business days whether receipt or possession would be in violation of the law,

including research in whatever State and local record keeping systems are available and in a national system designated by the Attorney General.

(2) Unless the chief law enforcement officer to whom a statement is transmitted ... determines that a transaction would violate Federal, State, or local law—(i) the officer shall, within 20 business days after the date the transferee made the statement on the basis of which the notice was provided, destroy the statement, any record containing information derived from the statement, and any record created as a result of the notice required. . . .

(3) If a chief law enforcement officer determines that an individual is ineligible to receive a handgun and the individual requests the officer to provide the reasons for such determination, the officer shall provide the reasons to the individual in writing within 20 business days after receipt of the request.

18 U.S.C. § 922(s).

On January 26, 1995, Sheriff Frye moved for a preliminary injunction against enforcement of these provisions of the Brady Act. The Motion for a Preliminary Injunction is the only matter before the Court at this point in the proceedings. For the reasons set forth below, Sheriff Frye's Motion for a Preliminary Injunction is DENIED.

## I.

■ The judicial power to issue a preliminary injunction exists primarily to "prevent such a change in the relations and conditions of persons and property as may result in irremediable injury to some of the parties before their claims can be investigated and adjudicated." *Blackwelder Furn. Co., Etc. v. Seilig Mfg. Co., Inc.,* 550 F.2d 189, 195 (4th Cir.1977) (quoting *Hamilton Watch Co. v. Benrus Watch Co.,* 206 F.2d 738, 743 n. 10 (2d Cir.1953)). The standard for reviewing motions for preliminary injunctions requires that four factors be considered. Those factors are:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied;

(2) the likelihood of harm to the defendant if the requested relief is granted;

(3) the likelihood that the plaintiff will succeed on the merits; and

(4) the public interest.

*Direx Israel, Ltd. v. Breakthrough Medical Corp.,* 952 F.2d 802, 812 (4th Cir.1991) (quoting *Rum Creek Coal Sales, Inc. v. Caperton,* 926 F.2d 353, 359 (4th Cir.1991)). The " '[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction.' " *Id.* at 812 (quoting *Technical Publishing Co. v. Lebhar–Friedman, Inc.,* 729 F.2d 1136, 1139 (7th Cir.1984)).

■ The first factor to be considered is the likelihood of irreparable harm to the plaintiff. *Id.* In this regard, there must be a "clear showing" of irreparable harm. *Id.* Furthermore, the harm must not be speculative or remote, but rather must be actual and immediate. *Id.* (citing *Dan River, Inc. v. Icahn,* 701 F.2d 278, 284 (4th Cir.1983)).

■ If it should be found that the plaintiff has made a clear showing of irreparable harm, the court should next balance that harm against the likelihood of harm to the defendant if the preliminary injunction is granted. *Id.* " 'If, after balancing those two factors' ..., the balance 'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if 'the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation.' " *Id.* at 812–13 (citations omitted). "As the balance tips away from the plaintiff, a stronger showing on the merits is required." *Id.* at 813. In a situation where the balance of the hardships does not tilt "decidedly" in plaintiff's favor, plaintiff bears the burden of making a strong showing of a likelihood of success on the merits. *Id.* at 818.

The final factor a plaintiff must show before obtaining preliminary injunctive relief is that an injunction would be consistent with the "public interest." *Id.* at 814.

## II.

In this case, Sheriff Frye has failed to carry his burden of establishing that each of

the four factors support a preliminary injunction. First, Sheriff Frye has not established that he will suffer irreparable harm in the absence of a preliminary injunction. His evidence of irreparable harm stems from his assignment of a jailor to the processing of handgun permit applications. Sheriff Frye argues that this reduces the manpower available to protect persons in jail, thus increasing the likelihood of injury to inmates.

Even assuming this is true, Sheriff Frye has failed to carry his burden of establishing irreparable harm. He did not file his Complaint in this matter until January 12, 1995, almost a year after the Brady Act became effective and he began processing handgun permit applications. Because Sheriff Frye had conducted background checks according to the Brady Act for almost a year before filing this action, he has not made a clear showing of irreparable harm of the type a preliminary injunction was meant to cure. Additionally, Sheriff Frye has cited no actual incidents of inmate injury occurring during the now approximately twenty months since he has had the jailor assigned to researching permits.

Second, the balance of harm between the parties does not support granting a preliminary injunction in this case. If an injunction is issued, but the Brady Act later found to be constitutional, the United States would not be able to correct the issuance of handgun permits without the background check required by the Brady Act. When this potential problem is combined with the absence of a showing of any irreparable harm to Sheriff Frye, the balance of harm between the parties favors denying a preliminary injunction in this matter.

Third, Sheriff Frye's likelihood of success on the merits is doubtful at this point. Although several Federal district courts have held the challenged provisions of the Brady Act to be unconstitutional, *see Frank v. United States,* 860 F.Supp. 1030, 1043 (D.Vt.1994) (holding that 18 U.S.C. § 922(s) is unconstitutional under the Tenth Amendment); *McGee v. United States,* 863 F.Supp. 321, 327–27 (S.D.Miss.1994) (holding that 18 U.S.C. § 922(s)(2) exceeded the power granted to Congress under Art. I, § 8 and contra-

vened the Tenth Amendment to the United States Constitution); *Romero v. United States,* 883 F.Supp. 1076, 1088 (W.D.La.1994) (holding that the Brady Act was inconsistent with the Tenth Amendment to the United States Constitution), the Ninth Circuit Court of Appeals, the only circuit court of appeals to decide the issue, recently held the challenged provisions of the Brady Act constitutional. *See Mack v. United States,* 66 F.3d 1025, 1031–32 (9th Cir.1995) (reversing two district court opinions and holding that 18 U.S.C. § 922(s) did not contravene the Tenth Amendment's limitation on Congressional power). In light of the Ninth Circuit's recent decision in *Mack,* Sheriff Frye does not enjoy a likelihood of success on the merits in this action. Consequently, the third factor also weighs against granting a preliminary injunction.

Finally, the "public interest" factor does not support a preliminary injunction against enforcement of the challenged provisions of the Brady Act. Sheriff Frye argues that the public interest would be served by a preliminary injunction because compliance with the Brady Act has resulted in "shuffling papers and investigating law abiding citizens who purchase handguns" rather than investigating and apprehending dangerous criminals. Pl.Br. in Supp.Mot.Prel.Inj., 14. However, by passing the Brady Act, Congress has already determined that it serves the best interest of the public.

Sheriff Frye further argues that it is never in the public interest to enforce an unconstitutional statute. Pl.Br. in Supp.Mot. Prel.Inj., 14. While that may be true, this Court need not determine the constitutionality of the challenged provisions of the Brady Act at this point. Because the balance of hardships and public interest favor a denial of Sheriff Frye's Motion, there is no need to determine the constitutionality of the Brady Act in order to decide the preliminary injunction question. *See Webster v. Reproductive Health Services,* 492 U.S. 490, 525–26, 109 S.Ct. 3040, 3060–61, 106 L.Ed.2d 410 (1989) (O'Connor, J., concurring) (stating "[w]here there is no need to decide a constitutional question, it is a venerable principle of this Court's adjudicatory processes not to do so").

Sheriff's Frye's arguments fail to convince this Court that Congress acted against the public interest in passing the Brady Act.

### III.

Sheriff Frye has failed to carry his burden of establishing that the *Direx Israel* factors support granting a preliminary injunction in this matter. Plaintiff's Motion for a Preliminary Injunction is DENIED.

### ORDER

For the reasons stated in the Memorandum Opinion filed contemporaneously herewith, Plaintiff's Motion for a Preliminary Injunction is DENIED.