Dear Mr. Tairov:
You have requested an opinion of the Attorney General on behalf of the Livingston Parish Library Board of Control (Board) with regard to the use of public meeting rooms in the Livingston Parish libraries. Your request has been assigned to me for research and reply.
Under La.R.S. 25:215, the Board "shall have authority to establish rules and regulations for its own government and that of the library not inconsistent with law . . ." The Board, in accordance with this provision, has established a "meeting room policy" which limits meetings held within the library's meeting rooms to "library-sponsored activities, governmental activities of a non-political nature, non-profit or not-for-profit groups, organizations, or individuals (with proof of non-profit status), or individual citizens (or groups of citizens) which have a non-business/not-for-profit and/or non-political nature . . ." From the information provided to us, the Board does not charge for the use of its meeting rooms if the use falls within the above policy.
On August 2, 2011, Citizens for Highways and Infrastructures in Livingston Parish organized and conducted a meeting at the Denham Springs-Walker Branch of the Livingston Parish Library. Six political candidates were invited to participate in a public forum and were given equal time to present their political platforms. At least two of the candidates asked the electors to vote for them in the upcoming fall elections. You have asked if such a meeting violates La.Const. Art. 11, Sec. 4 and La.R.S. 18:1465(A), which provide as follows:
Section 4. Prohibited Use of Public Funds
 No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot. *Page 2 
 1465. Prohibited use of public funds
 A. No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot.
In La. Atty. Gen. Op. No. 91-216, this office concluded that use of a public building for a campaign testimonial dinner for no fee would amount to the use of public funds and, therefore, violate La.R.S. 18:1465. However, it was observed, "[i]f use of a public building is being paid for by private funds, then it would not be unlawful to use such building to urge any elector to vote for or against any candidate . . ."
The key issue is whether the public facility is accepting payment for the use of the room. When there is no charge to use a room in a public facility, there are restrictions on how the room can be used. For example, in La. Atty. Gen. Op. No. 02-0297, we stated that use of a public facility without payment of a fee may not occur where such use predominantly benefits the interests of a private group. However, use of a public forum available to all candidates for no charge to disseminate information would not be a violation of the Louisiana Constitution or statutes as long as it is not used solely to urge a vote for or against any candidate or proposition. Information compiled and communicated through the use of public funds, i.e., use of a public facility for no charge, must be open for a discussion in the public interest rather than purely private purposes. It must be purely factual and suggest no position for or against an issue.[1] Again, please note the analysis changes if private funds are used to pay for use of a room in a public building.
Additionally, you have inquired about the validity of the Board's meeting room policy, which prohibits meetings of a political nature from being held in any of the meeting rooms. Please be aware that by allowing various outside entities to use the Library meeting rooms for no fee, the Board may have unwittingly created a limited public forum, which affects the extent to which the Board can limit access to the meeting rooms under the First Amendment.[2] By creating a limited public forum, the Board must allow other entities that may have different viewpoints to use the meeting rooms as well. As long as the forum remains open, the restrictions on the types of speech and the groups of speakers allowed to use the meeting rooms cannot be based on the content *Page 3 
of the speech.[3] However, the Board may impose reasonable time, place, or manner restrictions on access to the meeting rooms.[4]
Based on the foregoing, it is the opinion of this office that the Board may not prohibit groups with a political viewpoint from using the meeting rooms. However, the use of one of the Library's meeting rooms for no fee to urge any elector to vote for or against any candidate would be in violation of La.Const. Art. XI, Sec. 4 and La.R.S. 18:1465(A). But it is permitted to use the meeting rooms for such a purpose if the use is being paid for by private funds.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:________________ Erin C. Day Assistant Attorney General
 JDC:ECD
[1] See La. Atty. Gen. Op. Nos. 02-0297 and 90-126A.
[2] See Concerned Women for America v. Lafayette County,883 F.2d 32 (5th Cir. 1989), wherein the Fifth Circuit found that the library, by permitting various groups to hold their meetings in the library auditorium, had made the library a public forum. Because the library had become a public forum, the county could not exclude groups with a religious or political viewpoint from using the meeting rooms after those rooms had been open to other groups.
[3] See Concerned Women of America, 883 at 35, citing, Ward v. Rock Against Racism, 491 U.S. 781 (1989).
[4] Id.